**FILED**
JUL 29 2013
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

William Schanck,            )
                            )
    Plaintiff,         )
                            )
    v.                 )  Civil Action No. 13-1148
                            )
William J. Clinton *et al.*,)
                            )
    Defendants.        )
_____)

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* "Civil Rights Complaint" and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a prisoner incarcerated at the United States Penitentiary Lee in Jonesville, Virginia, challenges the constitutionality of certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in general and as applied to him.[1] Specifically, plaintiff challenges the one-year statute of limitations applicable to motions to vacate a sentence, 28 U.S.C. § 2255(f), and the limitations on bringing a second or successive motion, *id.* §§ 2255(h), 2244(b). *See* Compl. at 3-4. Plaintiff alleges that "every post conviction proceeding that he has initiated has been denied because of the regulations established by the AEDPA," Compl. at 4,

---

[1] Plaintiff purports to bring a class action, but, as a *pro se* litigant, he cannot assert claims on behalf of other individuals. *See* 28 U.S.C. § 1654.

1

and he seeks equitable relief that, if granted, would invalidate the foregoing provisions. *See id.* at 5-8 ("Prayer for relief").

Consideration of the complaint and requested relief requires judicial review of the decisions of the courts that have denied plaintiff relief. This Court lacks subject matter jurisdiction to review the decisions of another district court and those of a higher federal court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)); *see also Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 23, 2013

United States District Judge

2